ROBERT E. KOHN, SBN 200373
Email: rkohn@kohnlawgroup.com
KOHN LAW GROUP, INC.
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Phone: (310) 917-1011
Fax: (310) 917-1001

Counsel for Plaintiff BERTRAM LLP, a District of Columbia limited liability partnership

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BERTRAM LLP, a District of Columbia limited liability partnership,<br><br>    Plaintiff,<br><br>v.<br><br>CLIFFORD KATAB; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:23-cv-5811<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT;**<br>**2. RESTITUTION OF UNJUST ENRICHMENT;**<br>**3. FRAUDULENT PROMISE;**<br>**4. COMMON COUNTS**<br><br>[Demand for Jury Trial] |

**COMPLAINT**

Plaintiff BERTRAM LLP, a District of Columbia limited liability partnership ("Bertram LLP") alleges against Defendants CLIFFORD KATAB ("Katab") and DOES 1-10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This is a diversity action by a law firm (Bertram LLP) to recover unpaid legal fees that are owed by a former client of the firm (Katab). The Court has jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Bertram LLP is registered and based in Washington, D.C., and Connie N. Bertram, who is the sole partner of Bertram LLP, is a citizen of Florida and Virginia. Defendant Katab is a citizen and resident of California.

2. The Court has personal jurisdiction over Katab, because Katab is domiciled in the State of California and works and resides in this District.

3. Venue is proper under 28 U.S.C. § 1391(b), because Katab resides in Los Angeles County.

## FACTS

4. Katab signed an engagement letter agreement (the "Engagement Letter") with Bertram LLP on January 19, 2021. In the Engagement Letter, Bertram LLP agreed to provide legal services to Katab in connection with claims by Katab against Katab's former employer, Performance Team LLC.

5. The Engagement Letter provided, among other terms, that Bertram LLP would provide legal services to Katab, and that Katab would pay for those services on an hourly-fee basis. Katab also agreed to pay all fees and expenses incurred by Bertram LLP within 30 days of the receipt of each monthly invoice.

6. The Engagement Letter provided that, if Katab did not contest the monthly invoices within 30 days of receipt, the fees and costs would be considered acceptable to Katab.

7. The Engagement Letter provided Bertram LLP the right to add a late

charge of 1.5% per month to past due amounts, *i.e.*, invoices that remained unpaid for more than 30 days.

8.     The Engagement Letter provided that, upon any termination of the representation, Bertram LLP would be entitled to payment for all services rendered and costs and expenses paid or incurred on behalf of Katab up to the date of termination or withdrawal.

9.     Pursuant to the terms of the Engagement Letter, Bertram LLP provided only necessary legal services in connection with Katab's claims against Performance Team.

10.    On August 4, 2021, Bertram LLP commenced a lawsuit against Performance Team on behalf of Katab in the Superior Court for Los Angeles County, captioned *Clifford Katab v. Craig Kaplan, et al.*, 21STCV28803 (the "Lawsuit"). Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin") was co-counsel with Bertram LLP when the Lawsuit was filed and thereafter until Bertram LLP withdrew.

11.    On behalf of Katab, the Lawsuit sought damages in excess of $28,300,000 (plus attorneys' fees and other costs). Among other allegations, the Lawsuit asserted claims by Katab challenging (as too low) a pay-out of $23,831,652 to him that he received in connection with the acquisition of Performance Team LLC (his former employer) by A.P. Moller - Maersk A/S, an international shipping company based in Copenhagen, Denmark.

12.    Bertram LLP timely submitted invoices demanding payment for work performed and expenses incurred. Katab did not object to any of the bills submitted to him within the 30-day period specified in the Engagement Letter.

13.    Katab timely paid the invoices from Bertram LLP for services rendered until April 2021, at which point Katab started making partial monthly payments, and in April 2022 he fell substantially behind on his payments. As described in more detail below, when Bertram herself (his lawyer) discussed the

outstanding invoices with Katab, he made false promises to Bertram to induce her and Bertram LLP to continue to represent him with no intention of making full or timely payment.

14. By December 2021, Katab owed both Bertram LLP and Sheppard Mullin substantial fees. On December 22, 2021, Bertram sent Katab an email that included a billing history report. In response, Katab stated that, although he did not think he would be able to pay the open invoices by year-end, he represented he was "working on a plan" for making payment. That statement was false, because (as Katab later admitted to Bertram) he never intended to pay the outstanding invoices of Bertram LLP unless he obtained additional funds in a settlement with Performance Team LLC.

15. During a phone call on February 4, 2022, Bertram informed Katab that he owed $162,712.50 in outstanding fees. Katab promised Bertram he would pay the amounts owed to Bertram LLP and Sheppard Mullen in a "big chunk" when he received his bonus in March, and would try to pay them sooner. Katab also assured Bertram that she should not worry about being paid in full for the firms' work for him. Those statements were false, because (as Katab later admitted to Bertram) he never intended to pay the outstanding invoices of Bertram LLP unless he obtained additional funds in a settlement with Performance Team LLC.

16. On February 20, 2022, Bertram and Katab had brunch at the Getty Museum in Los Angeles. As they were leaving the restaurant, Katab again assured Bertram that she should not worry about receiving full payment. In reliance on these false representations, Bertram LLP continued to represent Katab in the Litigation. Again, that statement was false, because (as Katab later admitted to Bertram) he never intended to pay the outstanding invoices of Bertram LLP unless he obtained additional funds in a settlement with Performance Team LLC.

17. On March 10, 2022, Bertram LLP sent Katab via email a billing

history report and reminded Katab to pay the outstanding fees. Katab, however, did not make the promised payment that month.

18. In April 2022, Bertram had a pointed conversation with Katab by phone concerning his failure to pay the outstanding fees and costs in March as he had promised. At that point, the fees and costs totaled $270,835.50. She asked Katab whether the funds he had previously received in the Maersk transaction were accessible to him. He said that the funds were tied up in investments and, given the drop in the market in February and March 2022, he was reluctant liquidate them. During that conversation, Katab and Bertram also discussed the parties' agreement in the Lawsuit to stay the litigation pending settlement discussions. Katab assured Bertram that he would pay the outstanding amounts if the parties did not settle the Lawsuit. Based on this assurance, Bertram agreed to allow Katab to delay payment of the overdue fees while the case was stayed for settlement discussions. Katab's statements were false, because (as Katab later admitted to Bertram) he never intended to pay the outstanding invoices of Bertram LLP unless he obtained additional funds in a settlement with Performance Team LLC.

19. On August 3, 2022, the parties in the Lawsuit declared an impasse in their settlement discussions, and they resumed litigation. With discovery due and several depositions being scheduled, Bertram LLP repeatedly requested via email that Katab pay the outstanding fees and costs. Katab, however, only paid $25,000 in August 2022 and $25,000 in September 2022.

20. On October 28, 2022, Bertram spoke with Katab by phone about the outstanding bills, which totaled $487,515 at the time. Katab falsely told Bertram he would make a "catch up" payment for all outstanding fees and expenses in December 2022. In reliance on this promise, Bertram LLP continued to represent Katab during a period of extensive discovery in November and December 2022.

21. By the end of December 2022, Katab had not fulfilled his promise to pay the outstanding balance.

22. Bertram LLP and Bertram withdrew from the representation of Katab on when he signed a Substitution of Attorney—Civil (Without Court Order), using the Judicial Council of California's mandatory Form MC-050 (the "Substitution"). The Substitution was filed on February 3, 2023 in the underlying Litigation. To ensure Katab's continued representation in the Lawsuit by Sheppard Mullin, the Substitution named Tracey Kennedy, Esq. ("Kennedy") as substitute counsel in place of Bertram. **Exhibit 1** is a copy of the filed Substitution.

23. After Bertram LLP and Bertram had withdrawn from representing him, Katab told Bertram (for the first time) that he had never intended to pay the outstanding invoices of Bertram LLP unless he obtained additional funds in a settlement with Performance Team LLC. This statement shows that Katab's promises in the written Engagement Letter – in addition to his subsequent oral assurances – were false. Contrary to Katab's secret and concealed intention not to pay in full the fees and expenses of the Litigation (other than through obtaining additional funds in a potential settlement with Performance Team LLC), the Engagement Agreement provided that "*our fees are not contingent upon any future event and payment of both fees and expenses are due within 30 days of the receipt of each statement.*" (Emphasis in original).

24. On March 21, 2023, Bertram LLP sent Katab a statement of their account, in the amount of $690,869.04. **Exhibit 2** is a copy of this statement. Bertram LLP sent Katab an updated statement of their account on July 13, 2023 in the amount of $769,823.59. **Exhibit 3** is a copy of the updated statement. Katab has not objected to these statements.

25. Pursuant to Sections 6200-6206 of the California Business and Professions Code, the Mandatory Fee Arbitration Act, Bertram LLP has provided Katab with a Notice of Client's Right to Fee Arbitration, attached as **Exhibit 4**.

26. Despite Bertram LLP's continued demands for payment, Katab has not made any further payment on his outstanding balance and refuses to pay the

balance due.

27. Bertram LLP is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint to allege the true names and capacities of these DOES when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants, and that each of the Defendants was in some actionable manner legally responsible for proximately causing the events referred to herein.

28. Defendants' conduct as alleged herein has been fraudulent, wanton, malicious, and oppressive, thereby warranting imposition of exemplary and punitive damages.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

**(By Bertram LLP against all Defendants)**

29. Bertram LLP realleges and incorporates herein by reference each and every allegation above as though set forth in full herein.

30. Bertram LLP has duly performed and satisfied all conditions, promises, and obligations required to be performed or satisfied by it according to the terms and conditions of the Engagement Letter.

31. At no point did Katab object to the amount or content of any invoice from Bertram LLP.

32. Katab's refusal to pay his outstanding balance for attorney's fees and expenses that Bertram LLP advanced for him constitutes a material breach under the terms of the Engagement Letter.

33. As a direct and proximate result of Katab's breaches of the Engagement Letter, Bertram LLP has incurred damages of not less than

$769,823.59, as follows:

    a) Attorney' fees owed: $653,400.53;

    b) Late charges on fees (as of June 30, 2023): $78,954.55.

    c) Advanced expenses: $37,468.54

    Total: $769,823.59

Plus additional late charges accruing at 1.5% per month for July 2023 and thereafter.

## SECOND CAUSE OF ACTION

### (Restitution of Unjust Enrichment)

### (By Bertram LLP against all Defendants)

34. Plaintiff realleges and incorporates herein by reference each and every allegation above as though set forth in full herein.

35. Defendants would be unjustly enriched if they were to retain the benefits of having received the services and the payments of related expenses by Bertram LLP, at the special instance and request of Katab, without having paid Bertram LLP in full for value it provided.

36. Bertram LLP is entitled to restitution in quantum meruit of the Defendants' unjust enrichment of not less than $653,400.53 for Bertram's services plus $37,468.54 for expenses advanced on behalf of Katab.

## THIRD CAUSE OF ACTION

### (Fraudulent Promise)

### (By Bertram LLP against all Defendants)

37. Plaintiff realleges and incorporates herein by reference each and every allegation above as though set forth in full herein.

38. Katab's false and fraudulent promises induced Bertram LLP to enter the Engagement Agreement, and to continue its representation of Katab, and to incur and pay expenses in connection with the Litigation on Katab's behalf.

39. As a direct and proximate result of Katab's fraudulent inducement and

promises to perform, Bertram LLP is entitled to actual, incidental and consequential damages of not less than $653,400.53 plus $37,468.54.

## FOURTH CAUSE OF ACTION

### (Common Counts)

### (By Bertram LLP against all Defendants)

40. Plaintiff realleges and incorporates herein by reference each and every allegation above as though set forth in full herein.

41. Defendants have become indebted to Bertram LLP because, at their special instance and request, Bertram LLP provided legal services and incurred related expenses for their benefit.

42. The debts that Defendants owe to Bertram LLP are reflected in an open book account stated between Bertram LLP and Katab, in the amount of $769,823.59 as of July 13, 2023, plus subsequent late payment charges for July 2023 and thereafter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bertram LLP respectfully prays for the following relief against each of the Defendants, jointly and severally:

1. On the first cause of action, for damages in an amount to be proven.
2. On the second cause of action, for restitution in an amount to be proven.
3. On the third cause of action, for damages in an amount to be proven.
4. On the fourth cause of action, for money in an amount to be proven.
5. On each cause of action, for exemplary and punitive damages in an amount to be proven.
6. An award of pre-judgment and post-judgment interest and late charges as allowed by law.
7. An award of costs as allowed by law.
8. Other relief as may be warranted at law or in equity.

Respectfully submitted,

Dated: July 18, 2023   **KOHN LAW GROUP, INC**

By: /s/ Robert E. Kohn
    Robert E. Kohn

Counsel for Plaintiff
BERTRAM LLP

## DEMAND FOR JURY TRIAL

Plaintiff Bertram LLP, by and through its undersigned counsel, hereby demands a jury trial on any and all issues so triable pursuant to the Federal Rules of Civil Procedure, Rule 38(b) and Local Civil Rule 38-1.

Respectfully submitted,

Dated:  July 18, 2023   **KOHN LAW GROUP, INC**

By: /s/  Robert E. Kohn
    Robert E. Kohn

Counsel for Plaintiff
BERTRAM LLP